FLETCHER, Judge.
The mother, G.F., appeals from the final judgment for termination of parental rights rendered July 9, 2004, as to the child, L.S. We affirm in part, and reverse and remand in part.
The child is one of four siblings removed from the home by the Department of Children and Family Services [DCF] in 1999 upon allegations of substance abuse by the mother (and other adults living in the house), domestic violence, and deplorable living conditions. The child has serious attention deficit problems, ongoing psychological issues (sexual acting out, depression, defiance) and the concomitant academic difficulties. He is being treated by a psychologist and is on a number of medications. Neither the mother nor the father has complied with DCF case plan recommendations and requirements.
At the termination hearing the court heard testimony from the child’s therapist, a child psychologist, the child’s CHARLEE case manager, the guardian ad litem, and the mother, G.F., as well as arguments from counsel for the respective parties. Following the requirements of section 39.806, Florida Statutes (2004), the court determined that (1) there was no *61 suitable permanent custody arrangement with a relative; (2) despite her deep bond with the child, the mother was not able to provide the child with suitable clothing, food, medications, social and disciplinary structures given the extraordinary emotional, physical, and psychological needs of the child; (3) the court could not place the child in long-term licensed foster care because the child is not yet fourteen years of age, (see section 39.623, Florida Statutes (2004)); (4) the mother does not have the cognitive ability to provide for the child’s extraordinary needs; (5) the child seems well able to adapt to his current foster situation and has formed a significant relationship with his parent substitutes; and (6) the child has been in his current placement for five years, the environment is stable and his success depends on continuing that stability. The court concluded that the parents engaged in conduct toward the child that demonstrated that the continuing involvement of the parent threatens the life, safety, well-being, and the physical, mental, and emotional health of the child. § 39.806(l)(c), Fla. Stat. (2004).
The record shows that this family has a recent history of domestic abuse, drug use among the adults, and sexual molestation from adult relatives. Although the father is only peripherally on the scene and the mother has made efforts to stabilize her current living conditions, the record is clear that the child has significant emotional and psychological issues and the mother does not have the capacity to address these issues on a daily basis. As there is competent substantial evidence in the record that the child is more likely to thrive in his current foster care situation rather than under the mother’s care, we therefore affirm that portion of the order terminating G.F.’s parental rights.
We note that the judgment of termination is not one which cuts off all contact between mother and child: the lower court provided in the judgment that the mother and child should be allowed therapeutic interaction in accordance with the therapist’s recommendations. However, given the record evidence of the child’s behavioral decompensation when on unsupervised visits with the mother, we reverse this aspect of the final judgment and remand to the trial court to make specific findings regarding the frequency and degree of contact between the child and the mother. § 39.811(7)(b), Fla. Stat. (2004).
We find appellant’s remaining argument to be without merit.
Affirmed in part, reversed and remanded in part.